UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>WILBUR ROSS, *et al.*,<br><br>    *Defendants*. | Case No. 17-cv-2738 (ABJ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL NOTICE
RE: MARINE MAMMAL COMMISSION LETTER**

Plaintiffs respectfully submit this response to Defendants' "Notice" filed June 1, 2018, alerting the Court to a recent letter from Defendant National Marine Fisheries Service ("NMFS") to the Marine Mammal Commission ("MMC"). Defs.' MMC Notice (Dkt. No. 28). Defendants argue this letter satisfies NMFS's duties pursuant to Marine Mammal Protection Act ("MMPA") Section 1402 and resolves Plaintiffs' claim that NMFS unreasonably delayed its response to the MMC's recommendations. *Id.* As described below, the letter does not satisfy NMFS's statutory obligations and Plaintiffs' MMC claim remains live.

Specifically, the MMPA requires the MMC to make recommendations to federal agencies regarding actions to conserve marine mammals. 16 U.S.C. § 1402(a)(4). The MMPA then requires:

> Any recommendations made by the Commission . . . shall be responded to by [agency officials] within one hundred and twenty days after receipt thereof. Any recommendations which are not followed or adopted shall be referred to the Commission together with a detailed explanation of the reasons why those recommendations were not followed or adopted.

*Id.* § 1402(d). As explained in Plaintiffs' brief, read as whole, the provision does not just require a vague "response" from the agency within 120 days; it requires the agency to *make a final*

1

*decision* about whether or not to "adopt" the MMC's recommendation within 120 days and if not, explain itself in "detail[ ]." 16 U.S.C. § 1402(d); Pls.' Reply Br. at 13-14 (Dkt. No. 21).

In a March 1, 2017 letter and then again in a September 21, 2017 letter, the MMC formally "recommend[ed]" that NMFS invoke the MMPA Import Rule's emergency rulemaking provisions to ban the import of gillnet-caught fish from Mexico's Upper Gulf. AR844; AR153. Plaintiffs challenge NMFS's unreasonable delay in failing to comply with Section 1402(d). Compl. ¶¶ 41, 61-72 (Dkt. No. 1); 5 U.S.C. § 706(1).

In their opposition brief, Defendants initially claimed that NMFS's staff's "ongoing conversations" with the MMC satisfied Section 1402(d)'s mandate. Defs.' Summ. J. Opp. at 23, 27 (Dkt. No. 17). Now, two weeks after the close of briefing, Defendants fully retract that argument and instead argue NMFS's new June 1, 2018 letter to the MMC satisfies NMFS's obligations.[1] Defs.' MMC Notice at 2 ("Defendants hereby withdraw [their] arguments" that an oral response is sufficient).

However, for the same reason NMFS's "ongoing" conversations with the MMC failed to satisfy the statute, NMFS's new letter does not constitute the "response" required under MMPA Section 1402(d). The letter merely acknowledges the MMC's recommendations and states that

---

[1] Defendants now argue, citing no legal support, that NMFS's letter "moot[s]" Plaintiffs' MMC claim, referencing a purported argument in their briefing. Defs.' MMC Notice at 1, 2. However, neither Defendants' summary judgment opposition nor its reply brief argue Plaintiffs' claim is "moot." *See* Defs.' Summ. J. Opp. at 27 (Dkt. No. 17) (arguing Plaintiffs' "claim fails because NMFS has discharged its duty").

Further, a claim only becomes moot "when it is impossible for a court to grant any effectual relief what-ever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). Even if, as Defendants suggest, Section 1402(d)'s singular directive could be severed into two parts, and NMFS's new letter could somehow be deemed a "response" that satisfies the first sentence of Section 1402(d), Defs.' Reply Br. at 13; Defs.' MMC Notice at 1, NMFS acknowledges that it is still required to provide an actual decision and "detailed explanation," as required by the second sentence of Section 1402(d), at some point. Defs.' MMC Notice, Ex. 1, at 2. Because that decision and explanation are also unreasonably delayed, effectual relief can still be granted to Plaintiffs.

"NMFS is not prepared to make a final decision as to whether to act under the MMPA Import Ban Rule, whether on an emergency basis or otherwise." Defs.' MMC Notice, Ex. 1 at 2. As Plaintiffs argued, the MMPA requires more than mere acknowledgment of a recommendation within the statutory timeframe; it requires NMFS to *make a final decision* about whether or not to "adopt" the MMC's recommendation to invoke emergency rulemaking within 120 days, and if NMFS chooses not to do so, NMFS must explain in "detail[ ]" why not. 16 U.S.C. § 1402(d); *see* Pls.' Reply Br. at 17. NMFS has not "responded" to the MMC consistent with the MMPA's requirements. As such, its response remains unreasonably delayed.

Dated:  June 7, 2018				Respectfully submitted,


					  /s/ Sarah Uhlemann_____
					Sarah Uhlemann
					DC Bar No. 501328
					Center for Biological Diversity
					2400 80th Street NW
					Seattle, WA 98117
					(206) 327-2344
					suhlemann@biologicaldiversity.org

					Tanya M. Sanerib
					DC Bar No. 473506
					Center for Biological Diversity
					2400 80th Street NW
					Seattle, WA 98117
					(206) 379-7363
					tsanerib@biologicaldiversity.org

					Stephen Zak Smith
					*Admitted pro hac vice*
					Natural Resources Defense Council
					1314 2nd Street
					Santa Monica, CA 90401
					(310) 434-2334
					zsmith@nrdc.org

Nadia Adawi
*Admitted pro hac vice*
Animal Welfare Institute
900 Pennsylvania Ave. SE
Washington, DC 20003
(202) 446-2122
nadia@awionline.org

*Attorneys for Plaintiffs*